UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20281-CIV-O'SULLIVAN
[CONSENT]

CHARLES M. MONROE,

    Plaintiff,

v.

WALTER A. McNEIL, DR. JULIO POVEDA,
Individual and Official Capacity Chief
Medical Director, et al.,

    Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING IN PART REPORT AND RECOMMENDATION AND REJECTING IN PART REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Report and Recommendation of Magistrate Judge Patrick A. White.  (DE# 52, 3/3/10)  This case arose from alleged civil rights violations against five defendants relating to the medical care that the *pro se* plaintiff received during a previous incarceration in the Florida Department of Corrections ("FDOC") at Dade Correctional Institute ("DCI").  The named defendants were DCI Warden Harris, DCI Health Care Administrator Tate; Julio Poveda, M.D., FDOC Secretary McNeil, and FDOC Regional Director Villacorta.  After a Preliminary Report and Order of partial dismissal (DE# 6,13), the case remained pending against the defendant Poveda.  The claims against all other defendants were dismissed.

This cause is before the Court on Dr. Julio Poveda's Motion for Summary Judgment.  (DE# 47, 2/10/10)  The parties consented to magistrate judge jurisdiction for trial.  (DE# 55, 3/11/10)  This matter was referred to the undersigned by the Honorable

1

Paul C. Huck in accordance with 28 U.S.C. § 636(b).  (DE# 58, 3/15/10)   On March 17, 2010, Julio Poveda, M.D.'s Objections to Magistrate's Report on Julio Poveda, M.D.'s Motion for Final Summary Judgment was filed.  (DE# 60, 2010) In support of his objections, the defendant Poveda filed the following six exhibits: Ex. 1, Mr. Monroe's Request for Administrative Remedy or Appeal dated February 21, 2008 (DE# 60-1, 3/17/10); Mr. Monroe's Request for Administrative Remedy or Appeal dated January 21, 2008 (DE# 60-2, 3/17/10); the Affidavit of Julio Poveda, M.D. with Exhibits A through E (DE# 60-3, 3/17/10); handwritten Consultant's Report of Dr. Guererro dated January 18, 2008 (DE# 60-4, 3/17/10); FDOC Chronological Record of Healthcare signed by Dr. Aguilar (DE# 60-5, 3/17/10); and FDOC Physician's Order Sheet stamped by Julio Poveda, M.D. Mr. Monroe's Request for Administrative Remedy or Appeal dated February 21, 2008 (DE# 60-6, 3/17/10).  On March 30, 2010, the plaintiff Monroe filed Plaintiff's Reply to Defendant's Objections to Magistrate White's Report.  (DE# 61, 3/30/10) On April 12, 2010, the undersigned held a hearing on the objections and reply to the Report and Recommendation.

Standard of Review

A district judge may accept, reject or modify, in whole or in part, the magistrate judge's findings and recommendation after conducting a careful and complete review of the findings and recommendations.  28 U.S.C. § 636(b)(1); <u>Stephens v. Tolbert</u>, 471 F.3d 1173, 1176 (11th Cir. 2006).  Where, as here, a full referral has been made, the undersigned's jurisdiction is equivalent to the district judge for the purpose of reviewing the Report and Recommendation. Sub-section  § 636(b)(1) requires the district court to make "a *de novo* determination of those portions of the report or specified proposed

2

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Fresh consideration must be given "to those issues to which specific objection has been made by a party." Jeffrey S. v. State Board of Education, 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)). Even in the absence of an objection, the district judge reviews legal conclusions *de novo*. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

## Background

The defendant Poveda sought summary judgment on the following three grounds: 1) that the plaintiff did not exhaust his administrative remedies regarding his claim that the defendant Poveda denied the plaintiff pain medication purportedly prescribed by a neurosurgeon; 2) that the plaintiff failed to show that the defendant Poveda was deliberately indifferent to his serious medical needs because the record shows that the plaintiff received timely and appropriate care; and 3) that the defendant Poveda is entitled to qualified immunity. The defendant Poveda filed four exhibits in support of his motion.[1] The plaintiff did not file any evidence to support his response in opposition to the defendant's motion for summary judgment.

Magistrate Judge White's Report recommended that the defendant's motion for

---

[1] The defendant's four exhibits are: Ex. A) a copy of the plaintiff's deposition (DE# 47-1); Ex. B) Julio Poveda, M.D.'s Affidavit (DE# 47-2); Ex. C) a copy of the contract between the FDOC and MHM Solutions, Inc. ("MHM"), under which MGM was contracted, in pertinent part, to provide medical services to inmates confined at institutions in DOC Region IV where DCI is located; and Ex. D) an entry in the plaintiff's medical chart dated September 18, 2008 regarding the neurosurgeon's conclusion that surgery was not indicated and that the neurosurgeon could not find a logical explanation or cause to explain the patient's complaints and difficulty moving his right lower extremity.

3

summary judgment be granted, in part, as to all claims, except the claim that the plaintiff was denied pain medication.  Magistrate Judge White recommended that "the defendant Poveda is entitled to summary judgment, because there is no showing by the plaintiff that he was deliberately indifferent [and therefore there was no constitutional violation]; and because the defendant Poveda is entitled to qualified immunity." Report at 23 n.5 (DE# 52, 3/3/10)  The exception in the recommendation was based on the fact that the defendant Poveda did not address the alleged denial of pain medication claim on the merits.   Id. at 21.  Rather, the defendant sought summary judgment on the ground that the plaintiff failed to exhaust his administrative remedies concerning his pain medication claim.  Magistrate Judge White found that the administrative remedies were exhausted, but found that the claim presented a fact question that precluded summary judgment.  (DE# 52, 3/3/10)

In his objections to the Report and Recommendation, for the first time, the defendant Poveda addressed the denial of pain medication claim on the merits.  In the Complaint, the plaintiff alleged that the defendant Poveda refused to refill pain medication prescribed to the plaintiff following his visit with Dr. Guererro on January 18, 2008.[2]   In the February 21, 2008 administrative appeal, the plaintiff alleged that "as of this date I have not received the Ibuprofen pain regemin [sic] prescribed by the neurosurgeon on 1-18-08."  Having reviewed the exhibits attached to the defendant's objections, as well as evidence submitted and testimony given during the evidentiary

---

[2]This allegation was also included in the plaintiff's February 21, 2008 appeal from the denial of his January 21, 2008 grievance, notwithstanding that it was not raised in the January 21, 2008 grievance.

4

hearing, the record now reveals that Dr. Guererro never ordered Ibuprofen for the plaintiff at his January 18, 2008 visit.  Poveda Aff. (DE# 60-3, 3/17/10); Dr. Guererro's records dated 1/18/08 (DE# 60-3, 3/17/10).  The plaintiff conceded this fact at the hearing on April 12, 2010.  Thus, a fact question no longer exists.

To prove deliberate indifference to a serious medical need, a plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Townsend v. Jefferson County, 601 F.3d 1152, 1158 (11th Cir. 2010) (reversing denial of summary judgment and finding that the plaintiff failed to prove that the deputies were deliberately indifferent to her serious medical need).  Because the plaintiff cannot establish that the defendant Poveda denied him any prescribed medication, he cannot establish deliberate indifference to his complaints of pain (i.e. a serious objective medical need) as is required to maintain this action.  Estelle v. Gamble, 429 U.S. 97 (1976); Townsend, 601 F.3d at 1158; Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004).  The plaintiff has not presented a genuine issue of material fact as to his claim of denial of pain medication.  The defendant Poveda is entitled to summary judgment in his favor on all of the plaintiff's claims.

## Conclusion

The undersigned has reviewed *de novo* the Report and Recommendation, the defendant's motion and objections, the record, and has held an evidentiary hearing.  The Court adopts the findings of fact and conclusions of law in the Report and Recommendation, except insofar as the Court finds that there is no longer a fact question because the record now establishes, and the plaintiff concedes, that Dr. Guererro never issued a prescription for pain medication on January 18, 2008.

Accordingly, it is

ORDERED AND ADJUDGED that the Report and Recommendation is ADOPTED as to all issues except that there no longer exists a fact question as to the lack of a pain medication prescription on January 18, 2008 and that the defendant Poveda is entitled to summary judgment in his favor on all claims as a matter of law.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **7th** day of June, 2010.

                /s/ John J. O'Sullivan
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

All counsel of record

Mailed by Chambers to:
Charles M. Monroe, *pro se*
16133 N.E. 8th Avenue
Miami, FL 33162